IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRADLEY LYNN MILLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| NANCY A. BERRYHILL, | § | No. 3:17-cv-2698-N-BN |
| DEPUTY COMMISSIONER FOR | § | |
| OPERATIONS, performing the duties | § | |
| and functions not reserved to the | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

Plaintiff Bradley Lynn Mills filed this action seeking judicial review of a final adverse decision of the Commissioner of Social Security under 42 U.S.C. § 405(g) and paid the filing fee. *See* Dkt. Nos. 1 & 2.

For the reasons and to the extent explained below, and under Federal Rules of Civil Procedure 4(m), the Court should dismiss this action without prejudice.

## Background

The Court has already denied Mr. Mills's Motion for Default Judgment [Dkt. No 4], accepting the undersigned's findings and conclusions that

> Mr. Mills has not filed any proof of service and does not allege that [then-]Acting Commissioner Nancy A. Berryhill has been properly served. Instead, he asserts that a summons was issued on October 3, 2017 and that the Commissioner has not answered or otherwise responded in 60 days. The Clerk of the Court did issue summonses. *See* Dkt. No. 3. But, as a fee-paid plaintiff, Mr. Mills – not the Court or the Clerk of the Court – is responsible for properly effecting service of process under Federal Rule of Civil Procedure 4 on the defendant in this case. *See* FED. R. CIV. P. 4(c)(1), (c)(3), (i)(1). Mr. Mills offers no evidence that he has done so.

Dkt. No. 5 at 3-4, *rec. accepted*, Dkt. No. 6.

The Court then entered an order on February 26, 2018, explaining that

> Plaintiff Bradley Lynn Mills filed this civil action on October 3, 2017. Because Plaintiff has paid the statutory filing fee, he is responsible for properly serving Defendant with a summons and complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure and then filing proof of service with the Court in accordance with Rule 4(*l*).
>    More than 90 days have passed since filing of the Complaint, and the Clerk's docket sheet reflects that no service has been made. When service is not made on a defendant within 90days after the filing of the complaint, the Court may, under Federal Rule of Civil Procedure 4(m), after notice to Plaintiff, dismiss the action as to that defendant without prejudice or instruct the plaintiff to effect service within a specific time. *See* FED. R. CIV. P. 4(m).
>    Plaintiff is hereby directed to, by **March 28, 2018**, effect proper service or show good cause in writing for the failure or inability to effect service.
>    Failure of Plaintiff to effect service or show good cause by **March 28, 2018** may result in dismissal of this action without prejudice under Rule 4(m).

Dkt. No. 7 at 1-2.

Mr. Mills made no filing by March 28, 2018, so the Court, on April 3, 2018,

entered another order, that provided:

> The Court previously advised that, when service is not made on a defendant within 90 days after the filing of the complaint, the Court may, under Federal Rule of Civil Procedure 4(m), after notice to Plaintiff, dismiss the action as to that defendant without prejudice or instruct the

    plaintiff to effect service within a specific time, and the Court directed Plaintiff to, by March 28, 2018, effect proper service or show good cause in writing for the failure or inability to effect service. *See* Dkt. No. 7. Nothing has been filed since that time. Plaintiff is hereby warned that the undersigned will recommend that the Court dismiss this action without prejudice under Rule 4(m) if Plaintiff does not, by no later than April 11, 2018, either (1) effect proper service and file proof of service with the Court in accordance with Federal Rule of Civil Procedure 4(l) or (2) file a response to this order that shows good cause in writing for the failure or inability to effect service to date.

Dkt. No. 8.

Mr. Mills has made no additional filings to date since filing his Motion for Default Judgment [Dkt. No 4] on January 17, 2018.

## Legal Standards and Analysis

Federal Rules of Civil Procedure 4(m) authorizes a district court to, after providing notice, dismiss a case *sua sponte* without prejudice for a plaintiff's failure to effectuate service on a defendant within 90 days of filing the complaint. *See, e.g., Davis v. Bank of Am., NA*, No. 3:12-cv-1036-M-BF, 2012 WL 4795591 (N.D. Tex. Oct. 9, 2012). As set out in detail above, the Court has shown considerable leniency in advising Mr. Mills, through his counsel, of the need to properly effect service in this case and then file the required proof of service or to show good cause in writing for the failure or inability to effect service. And, in this action filed on October 3, 2017, the Court has extended Rule 4(m)'s 90-day deadline for service twice – once to March 28, 2018 and later to April 11, 2018 – and has twice explicitly notified Plaintiff that the failure to do so will subject the complaint to dismissal under Rule 4(m).

A further extension is not necessary or warranted under the circumstances.

Rather, on the record in this case, dismissal without prejudice under Rule 4(m) is appropriate.

And the undersigned now cautions Mr. Mills that, although the recommended dismissal is without prejudice,

> the Court cannot specifically state that any dismissal of this case will be without prejudice in light of the statutory requirement that a claimant commence a civil action seeking review of a final decision of the Commissioner of Social Security "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *but cf. Bowen v. City of New York*, 476 U.S. 467, 478-80 (1986) (concluding that the 60-day requirement set out in § 405(g) is not jurisdictional, but rather is a statute of limitations which is waivable by the parties and subject to the doctrine of equitable tolling). To the extent [Mr. Mills] filed this civil action within 60 days of the Commissioner's final decision, the effect of dismissing this action for failure to [timely effectuate service on the Commissioner] may subject any subsequent complaint filed by [Mr. Mills] to a statute of limitations defense.

*Dixon v. Colvin*, No. 3:15-cv-263-B-BN, 2015 WL 899019, at *1 (N.D. Tex. Mar. 3, 2015); *see also Woods v. Soc. Sec. Admin.*, 313 F. App'x 720, 721 (5th Cir. 2009) (per curiam) ("If the effect of a dismissal without prejudice prevents or arguably may prevent the plaintiff from again raising the dismissed claims because of the applicability of a statute of limitations, the dismissal may operate as a dismissal with prejudice. It appears that the district court's dismissal of Woods's suit[, under Rules 4(m) and 41(b), in part because she failed to effectuate process on the defendants,] operates as a dismissal with prejudice." (citing 42 U.S.C. § 405(g); citation omitted)).

Given the likelihood that the dismissal of this action will subject Mr. Mills's claims to a statute of limitations, the undersigned will recommend that Judge Godbey

-4-

dismiss this case without prejudice to Mr. Mills's right to file a motion to reopen this case on or before 30 days from the date of any order accepting these findings, conclusions, and recommendation. *See, e.g.*, *Monell v. Berryhill*, No. 4:17-cv-22-O-BP, 2017 WL 3098584, at *2 (N.D. Tex. June 30, 2017), *rec. accepted*, 2017 WL 3086326 (N.D. Tex. July 20, 2017).

## Recommendation

The Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and without prejudice to Mr. Mills's filing a motion to reopen this case on or before 30 days from the date of any order accepting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 13, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE