IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRADLEY LYNN MILLS, §
§
Plaintiff, §
§
V. §
§
NANCY A. BERRYHILL, §            No. 3:17-cv-2698-N-BN
DEPUTY COMMISSIONER FOR §
OPERATIONS, performing the duties §
and functions not reserved to the §
Commissioner of Social Security, §
§
Defendant. §

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND REGARDING SERVICE**

This action has been referred to the undersigned United States magistrate judge

for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference

from United States District Judge David C. Godbey.

On April 13, 2018, the undersigned entered findings and conclusions,

recommending that the Court dismiss this action without prejudice under Federal

Rules of Civil Procedure 4(m) and without prejudice to Plaintiff Bradley Lynn Mills

filing a motion to reopen this case on or before 30 days from the date of any order

accepting these findings, conclusions, and recommendation. *See* Dkt. No. 9 (the "FCR").

Mr. Mills has filed objections to the FCR, asserting that dismissal under Rule

4(m) for failure to effect timely and proper service is not warranted. *See* Dkt. No. 10.

Pursuant to the Magistrate's written instructions, Plaintiff shows
that he effectuated service on the Acting Commissioner of the Social

Security Administration by United States Postal Service ("U.S.P.S.") certified mail - return receipt requested prior to April 11, 2018, which was the date the Magistrate ordered Plaintiff effectuate service.

Pursuant to Federal Rule of Civil Procedure 4(i), Plaintiff mailed a copy of the summons and complaint by U.S.P.S. certified mail to the General Counsel of the Social Security Administration's office on April 4, 2018. Rule Civ. Proc. (4)(i)(2). The summons and complaint were received by the office of the General Counsel in the Social Security Administration was received on or about April 9, 2018.

Plaintiff received back the Return Receipt on or about April 16, 2018. Attached hereto as Plaintiff's Exhibit 1 is the cover letter transmitting the summons and complain and Return Receipt evidencing delivery.

Additionally, Plaintiff delivered, a copy of the summons and complaint, via U.S.P.S. certified mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the Northern District of Texas. While Plaintiff has not received back the Return Receipt evidencing delivery the U.S.P.S. website evidences delivery to the Office of Regional Chief Counsel – Region VI on or about April 9, 2018. Attached hereto as Plaintiff's Exhibit 2 is the cover letter transmitting the summons and complaint and Return Receipt evidencing delivery to the Regional Chief Counsel's office at 1301 Young Street, Room A-702, Dallas, Texas 75202.

*Id.* at 1-2.

The undersigned's order referenced in Mr. Mills's objections is an electronic order entered on April 3, 2018 [Dkt. No. 8], the second order specifically directing that he effect proper service. That order provided, in part, that he, "by no later than April 11, 2018, either (1) effect proper service and file proof of service with the Court in accordance with Federal Rule of Civil Procedure 4(*l*) or (2) file a response to this order that shows good cause in writing for the failure or inability to effect service to date." *Id.* Mr. Mills's failure to file proof of service under Rule 4(*l*) documenting the steps that he took as to service – outlined in his objections – necessitated the FCR.

Regardless, based on the actions set out in his objections, Mr. Mills has not

properly effected service as to the Acting Commissioner. Rule 4(i)(2), cited by Mr. Mills, and which applies to service of an agency, corporation, or officer or employee of the United States sued in an official capacity, requires that a party not only must serve – here – that officer, but that "a party [also] must serve the United States." FED. R. CIV. P. 4(i)(2); *see also* FED. R. CIV. P. 4(i)(1) (requiring service of the United States through the United States attorney for the district where the action is brought and the Attorney General of the United States); *Dixon v. Astrue*, Civ. A. No. 07-243-JJB-SCR, 2008 WL 2018195, at *1 (M.D. La. May 9, 2008) (E.D. La. May 9, 2008) (noting that "Plaintiff failed to serve the Commissioner according to the requirements of Rules 4(i)(1) and (2) and 4(m)" but denying the Commissioner's motion to dismiss and extending the service deadline).

Although Mr. Mills's objections do not establish that the Acting Commissioner has been properly served, in the interests of justice, the undersigned WITHDRAWS the FCR and ORDERS that, by no later than **April 27, 2018**, Mr. Mills must effect proper service and file proof of service with the Court, consistent with the authority set out above.

SO ORDERD.

DATED: April 20, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE